UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. **08 C 1816** |
| CITY OF CHICAGO, ILLINOIS, ) | |
| CHICAGO POLICE OFFICERS ) | **JUDGE HOLDERMAN** |
| J. D. CARTER, Star No. 5732, ) | **MAGISTRATE JUDGE ASHMAN** |
| M. COLON, JR., Star No. 8941, ) | |
| ILLINOIS STATE POLICE OFFICERS ) | |
| CAMACHO, No. 3341, GUTIERREZ, ) | |
| No. 4656, TORRES, No. 9670, and ) | |
| GRAHAM, No. 4494, and ) | |
| THE STATE OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Now comes Plaintiff, ALLEN LONG, ("Plaintiff"), by and through his attorney, Jeffrey B. Granich, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS ("Defendant City"), and Defendant CHICAGO POLICE OFFICERS J. D. CARTER, Star No. 5732, and M. COLON, JR., Star No. 8941, ("Defendant Chicago Police Officers"), and Defendant ILLINOIS STATE POLICE OFFICERS CAMACHO, No. 3341, GUTIERREZ, No. 4656, TORRES, No. 9670, and GRAHAM, No. 4494 ("Defendant Illinois Police Officers"), and Defendant THE STATE OF ILLINOIS:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Allen Long was a 57 year-old male resident of Batesville, Virginia.

5. At all times relevant hereto, Defendant Illinois State Police Officers were Police Officers for the State of Illinois and were acting under the color of the law and within the scope of their employment.

6. The State of Illinois is a body politic.

7. At all times relevant hereto, Defendant Chicago Police Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

9. On or about the afternoon of March 28, 2006 at 4220 West 47th St., Chicago, IL 60632 the Plaintiff, Allen Long was arrested by one or more of the Defendant Officers.

10. At this time, Plaintiff Long was acting fully in conformity with all laws, statutes and ordinances of the United States, the State of Illinois and the City of Chicago.

11. Without a warrant and without reasonable belief that Plaintiff Long was guilty of a crime, one or more Defendant Police Officers wrongfully and unreasonably detained, searched and seized Plaintiff Long.

12. Following this unconstitutional search and seizure Plaintiff Long was arrested and taken to the 8th District Chicago Police Station where he was falsely charged with possession of controlled substance with intent to deliver.

13. Plaintiff Long was remanded to the custody of the Cook County Department of Corrections and a bond of over 4 million dollars was set in order for the Plaintiff to be released from custody.

14. On April 14, 2006 Defendant Gutierrez knowingly and willfully presented false testimony to the Special Grand Jury of Cook County in order to secure an indictment against Plaintiff Long.

15. All of Defendant Officers prepared and authorized police reports that knowingly contained false and/or incorrect information.

16. The Special Grand Jury of Cook County returned a true bill of indictment against Plaintiff Long on April 14, 2006.

17. On June 4, 2007 Cook County Judge Wadas found Plaintiff Long not guilty of all charges.

18. Due to the unconstitutional and illegal actions of the Defendant Officers, Plaintiff Long was in continuous custody from the date of his arrest on March 28, 2006 until his acquittal on June 4, 2007.

## Count I – 42 U.S.C. § 1983 False Arrest

19. On March 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

20. One or more Defendant Police Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

21. The misconduct described in this Count by the Chicago Police Officers was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully

       investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

22.    The acts committed by one or more Defendant Police Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiffs.

WHEREFORE, Plaintiff prays for judgment against Defendant Illinois State Police Officers and Defendant Chicago Police Officers and the Defendant City in a fair and just amount sufficient to compensate him for the injuries they suffered, plus, Plaintiff seek a substantial sum in punitive damages against these individual Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Conspiracy

23. Plaintiffs re-allege paragraph 1 through 18 as if fully repleaded herein.

24. Defendant Illinois State Police Officers, and Defendant Chicago Police Officers, reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

25. Each Defendant did reach this understanding and agreement and did engaged in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

26. Additionally, said conspiracy and joint action violated Plaintiffs' 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

27. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including illegal seizure, detention, search, and the presentation of false testimony and preparation of false police reports of Plaintiff on March 28, 2006, April 14, 2006, March 16, 2007 and June 4, 2007, as more fully alleged in the preceding paragraphs.

28. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are

        aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

29.    This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against these Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, Plaintiffs seek a substantial sum in punitive damages against each of the individual Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III—Malicious Prosecution

30. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

31. Defendant Illinois State Police Officers and/or Defendant Chicago Police Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Grand Jury and Cook County Judge during court proceedings for this matter. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of more than 5000 grams of Cannabis in violation of 720 ILCS 550.0/4-G.

32. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

33. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

34. On June 4, 2007, Plaintiff was found not guilty of the charges placed against him.

35. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: 14 months of continuous custody, severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against these Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, Plaintiffs seek a substantial sum in punitive damages against each of the individual Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV – Intentional Infliction of Emotional Distress

36. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

37. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

38. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

39. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

40. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against these Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, Plaintiffs seek a substantial sum in punitive damages against each of the individual Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V—State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

41. Plaintiff re-allege paragraphs 1 through 18 as if fully re-pleaded herein.

42. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

43. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against these Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, Plaintiffs seek a substantial sum in punitive damages against each of the individual Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI—State Indemnification

44. Plaintiff re-alleges paragraphs 1 through 18 as if fully re-pleaded herein.

45. At all relevant times Defendant Illinois State Police Officers were acting in the scope of their employment and under color of law.

46. Illinois law provides that the State of Illinois is directed to pay any compensatory damages on a tort judgment against an employee who is acting within the scope of his or her employment.

WHEREFORE, Plaintiff prays for judgment against these Defendants in a fair and just amount sufficient to compensate them for the injuries he suffered, plus, Plaintiffs seek a substantial sum in punitive damages against each of the individual Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

ALLEN LONG,
Plaintiff,

By: _s/Jeffrey B. Granich___
    Jeffrey B. Granich
    Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030