**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALLEN LONG; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1816 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICERS | ) | Judge Holderman |
| J.D. CARTER, Star No. 5732, | ) | |
| M. COLON, JR., Star No. 8941 and | ) | Magistrate Judge Ashman |
| ILLINOIS STATE POLICE OFFICERS | ) | |
| CAMACHO, No. 3341, GUTIERREZ, | ) | Jury Demand |
| No. 4656, TORRES, No. 9670, and | ) | |
| GRAHAM , No. 4494, and | ) | |
| THE STATE OF ILLINOIS, | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER COLON'S AGREED MOTION TO
ENLARGE TIME TO ANSWER OR OTHERWISE PLEAD**

Defendant Officer Colon, by one of his attorneys, Mary McCahill, Assistant Corporation

Counsel of the City of Chicago, respectfully requests this Honorable Court to enlarge the time in

which he may answer or otherwise plead to plaintiff's complaint, stating as follows:

(1)    On April 15, 2002, Plaintiff filed two summons which state that on April 2, 2008,

Vince Caffo, with the City's Office of Legal Affairs, accepted service on behalf of

Defendant Officers.  (See Summons Attached Hereto as Group Exhibit "A").

(2)    The result of Plaintiff's filing was a docket entry indicating that Defendant

Officers' answers were due on April 22, 2008.

(3)    In fact, on April 2, 2008, Vince Caffo tendered Plaintiff's process server with a

notice which expressly indicated that he is not authorized to accept service on

behalf of the officers, but will facilitate service, and that Plaintiff will be notified

of service via court procedures.  (See Notice to Process Server, Attached Hereto

as Exhibit "B").  The notice Plaintiff's process server received is the standard

notice given to all process servers in these cases, and was developed at the

suggestion of Judge Andersen.  (See Judge Andersen's Statement Dated May 4,

2005, Attached Hereto as Exhibit "C").

(4)     Officer Manuel Colon was personally served with this lawsuit on April 24, 2008.

(See To Colon To-From, Attached Hereto as Exhibit "D").[1]

(5)     The undersigned filed her Appearance for Manuel Colon on May 7, 2008.

(6)     The undersigned is in possession the court file from Plaintiff's underlying

criminal matter.  The documents in the court file indicate that Plaintiff was

arrested by a joint task force for possession of more than 5000 grams of marijuana

worth over 3.5 million dollars, and that Plaintiff listed as witnesses in his criminal

trial a member of the CIA as well as a member of the DEA.  Due to the highly

unusual and seemingly complicated underlying criminal case, the undersigned has

not yet been able to interview the police personnel and review the necessary

paperwork to answer or otherwise plead to the complaint herein.

(7)     Additionally, the undersigned will be engaged on a federal jury trial set before

Judge Zagel on June 6, 2008.  This trial is expected to last at least one week.

Accordingly, the undersigned expects to be engaged on June 12, 2008, which is

the scheduled status for this matter.

(8)     This motion is Defendant Officer's first request for an extension of time to answer

---

[1]Officer James Carter has not been personally served, as he is presently overseas on U.S. Military leave.  Plaintiff has agreed to dismiss Officer Carter, a matter that will be addressed in a separate motion.

or otherwise plead.

(9)     Defendants Officers have not filed this motion for purposes of delay, rather,

        Defendant Officers wish to make a clear record regarding service in this matter

        and have not yet had the opportunity to interview police personnel and review the

        necessary paperwork to answer this matter.

(10)    Defendant Officers have discussed this matter with counsel for Plaintiff, who has

        agreed to their proposed extension of time.


        **WHEREFORE**, Defendant Officers, requests this Court to grant his motion for an

extension of time to and including July 3, 2008, to answer or otherwise plead to the complaint.


                                        Respectfully submitted,


                                         _/s/ Mary McCahill_____
                                        MARY MCCAHILL
                                        Assistant Corporation Counsel



30 NORTH LA SALLE ST.
SUITE 1400
CHICAGO, ILLINOIS  60602                 May 20, 2008
(312) 742-6404
ATTORNEY NO. 06277989

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

SUMMONS IN A CIVIL CASE

ALLEN LONG,

              Plaintiff,

        V.

CITY OF CHICAGO, ILLINOIS, CHICAGO POLICE OFFICER
J.D. CARTER, Star No. 3722, M. COLON, JR., Star No. 8941,
ILLINOIS STATE POLICE OFFICERS CASALE, No. 5402, GRAHAM,
No. 4696, TERREY, No. 6018, and GRAHAM, NO. 4696, and
THE STATE OF ILLINOIS,

              Defendants.

CASE NUMBER:

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

## 08 C 1816

### JUDGE HOLDERMAN
### MAGISTRATE JUDGE ASHMAN

TO: (Name and address of Defendant)

**CHICAGO POLICE OFFICER M. COLON, JR. Star No. 8941**
Police Headquarters
3510 South Michigan, 5th Floor
Chicago, IL 60653

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JEFFREY B. GRANICH
53 West Jackson Boulevard
Suite 840
Chicago, IL 60604

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

NOTE: When the print dialogue
box appears, be sure to uncheck
the Annotations option.

**Michael W. Dobbins, Clerk**

(By) DEPUTY CLERK

March 31, 2008
-------------------------------
Date



AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me | DATE 4-2-08 |
|---|---|
| NAME OF SERVER (PRINT) Aaron Willoughby | TITLE Process Server |

Check one box below to indicate appropriate method of service

G  Served personally upon the defendant. Place where served:  √ Caffeo Authorize To

ACCEPt Service FOR OFFICER M Conlon JR * 8941

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

_____

_____

G  Other (specify): _____

_____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    4-2-08
                Date

Signature of Server

3152 South Prairie Ave
Chicago IL 60616

Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case Caption & Docket Number: Long v. City, 08 C 1816

Received By: V. Caffo
name & signature

Date & Time Received: 02 Apr. 08    09 15

   Please be advised that the Chicago Police Department is not accepting service on behalf
of any individual defendant(s) in the above-captioned matter but is receiving the documents
in order to facilitate service upon the individual defendant(s) who are Chicago police officers.
The Department will contact the individual officers to accept service. After the officer has
accepted service, you will be notified through regular court procedures.


EXHIBIT
B

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7469 | **DATE** | MAY 4, 2005 |
| **CASE TITLE** | Fernando Flores (B-11472) v. Detective Mark Pawelski, et al. | | |

**DOCKET ENTRY TEXT:**

The court grants defendants' motion to correct order [31] and issues the following statement of clarification. The court grants in part and denies in part plaintiff's motion submitting information to the court of his present placement/address, statements and requests he would like to make to the court, as well as his request for instructions, information and clarification of proceedings [36].

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Defendants have filed a motion to correct the court's order of February 7, 2005, in which the court denied defendants' motion to dismiss, finding that the statute of limitations was equitably tolled. Defendants are concerned that the wording: "Service was accepted as to Captain Fatch . . . by a representative of the City of Chicago Legal Affairs Division" (p. 6) and "However, when a representative accepts service on the part of a named individual, both the court and the litigant should be able to rely on this information." (p. 7) could be construed as stating that the Chicago Police Department Office of Legal Affairs has the authority to accept personal service on behalf of any police officer and had accepted personal service on behalf of Captain Fatch.

    In the affidavit of Matthew Brady, a Sergeant of the Chicago Police Department ("CPD"), currently assigned to the Office of Legal Affairs, defendants explained the procedures for serving police officers. The CPD and the Office of Legal Affairs are not authorized to accept service for individual officers. Rather, the Office of Legal Affairs accepts delivery in order to facilitate service.

    The CPD has established procedures so that the safety of officers and their families will not be compromised by disclosing their home addresses and the safety of on-duty officers will not be compromised by process servers attempting to serve them. These procedures also benefit plaintiffs who would otherwise have to expend time and money attempting to locate and serve officers personally.

    The Office of Legal Affairs accepts delivery of a summons and complaint. If the defendant officers are active members of the CPD, Legal Affairs arranges for them to accept service. If the defendant is not on active duty, Legal Affairs then attempts to identify the officer and determines his status and unit of assignment or detail. After determining the reason for the officer's inactive status, Legal Affairs notifies the plaintiff that the CPD will

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

Page 1 of 2



## STATEMENT

not be able to facilitate service and why.

The Office of Legal Affairs provides written notice to process servers that the CPD is receiving the documents in order to facilitate service, that the CPD will contact individual officers to accept service, that the plaintiff will be notified through regular court procedures when the officer has accepted service. The Office of Legal Affairs is currently reviewing expanded procedures.

If the Office of Legal Affairs is held to accept service without consent, then union issues could force the CPD to discontinue the procedure to the detriment of both police officers and plaintiffs.

As Sgt. Brady states in his affidavit, this procedure works in the majority of cases.

The discussion in the court's opinion of February 2, 2005, dealt with a case in which the procedure caused confusion to both the court and the plaintiff and was directed to the particular circumstances of this case. Nothing in the opinion was meant to be precedential.

The court understands why the CPD has set up these procedures for accepting delivery of summons and complaint rather than having police officers personally served, especially if home addresses could be revealed in the process. The court does not know how many delivery of summons and complaint are accepted by the Office of Legal Affairs, not only from federal court but also state and other courts, but assumes it must be challenging to co-ordinate the acceptance of service by individual officers. The court does not want to add to the work already involved in serving police officers, but perhaps a few words in the "Remarks" section of the "Process Receipt and Return" to alert both the court and plaintiff that this is merely acceptance of delivery and not personal service would be appropriate. This is merely a suggestion, as Sgt. Brady states in his affidavit that the Office of Legal Affairs is currently reviewing expanded procedures in regard to notifying plaintiffs when an officer has accepted personal service.

The court has changed, in response to this case, the wording in the order it sends out to *pro se* litigants who have unnamed defendants as follows:

> Once plaintiff has obtained service on the supervisor, he may send to the attorney representing the supervisor interrogatories, *i.e.*, a list of questions, eliciting information regarding the identity of the defendants who allegedly violated his constitutional rights. Once he learns defendants' identity, whether through these interrogatories or by other means, he should *immediately* seek leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on defendants in interest and the supervisory defendant will be dismissed.

Plaintiff has also filed a motion submitting information to the court of his present placement/address, statements and requests he would like to make to the court, as well as his request for instructions , information and clarification of proceedings. Specifically, he wants to know if he needs to respond to defendants' motion to correct court's order and answer. Plaintiff does not need to respond to the motion; however, the court notes that plaintiff states on p. 3 that he had never been notified that personal service had not been effected. Plaintiff does not need to respond to the answer because the Federal Rules of Civil Procedure allow of right only two pleadings--the complaint and the answer. Fed. R. Civ. P. 7(a). Plaintiff also makes a number of requests. However, the court cannot give legal advice, order that he be allowed telephone calls to counsel for defendants, or order copies be made for him.

Plaintiff also requests appointment of counsel. Having reviewed the case in light of the factors set out in Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981), the court determines that plaintiff does not require an attorney at this time and denies his motion for appointment of counsel.

*McCahill*

**Unit:** *114*                        **Date:** *29 APR, 08*

**To:**        Debra K. Kirby
              General Counsel to the Superintendent

**From:**      *Manuel Colon #8941*
              Member's Name, Star#

              *08 C 1816*
**Subject:**   Civil Suit No.

              *ALLEN LONG*
              Case Name

              I received a civil summons and complaint from Operations Command on
              *24 APR, 08* ____ at *1500* ____.
              (Date)                    (Time)

              To my knowledge, a complaint register (CR) was/~~was not~~ issued.  The CR
Number was _____.
                    (Insert number or mark DNA)

              I have gathered and attached the following reports relevant to this case.

              (X) Arrest Reports              (X) Case Reports
              ( ) Citations                   (X) Complaints
              ( ) Criminal Histories          ( ) Daily Watch Assignments Records
              (X) Inventory Slips             ( ) Mug Shots
              (X) Supplementary Reports       (X) Other

                                         *M. Colon #8941*
                                         *NARCOTIC SECTION.*
                                         (Member's Signature)

