UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN LONG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1816 |
| | ) | |
| vs. | ) | Judge Holderman |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICERS J.D. | ) | Magistrate Judge Ashman |
| CARTER, Star No. 5732, M. COLON, JR.., | ) | |
| Star No. 8941, ILLINOIS STATE POLICE | ) | Jury Demand |
| OFFICERS CAMACHO, No. 3341, | ) | |
| GUTIERREZ, No. 4656, TORRES, No. | ) | |
| 9670, and GRAHAM, No. 4494, and THE | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by it's attorney, Mara S. Georges, Corporation Counsel for the City, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendant City admits that this action purports to be brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights, as secured by the United States Constitution. The City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Defendant City admits the allegations in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff or any of the Illinois State Police Officer individual defendants reside in this judicial district.[1] The City admits the remaining allegations contained in this paragraph.

## PARTIES

4. At all times relevant hereto, Plaintiff Allen Long was a 57 year-old male resident of Batesville, Virginia.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

5. At all times relevant hereto, Defendant Illinois State Police Officers were Police Officers for the State of Illinois and were acting under the color of the law and within the scope of their employment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

6. The State of Illinois is a body politic.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief

---

[1] While Defendant City does not have specific knowledge or information sufficient to allow it to definitively deny this allegation with respect to Plaintiff's residency, the City does note that, in paragraph 4 of his Complaint, Plaintiff alleges that he is a resident of Batesville, Virginia.

as to the truth of the allegation in this paragraph.

    7.    At all times relevant hereto, Defendant Chicago Police Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** Defendant City admits that, at all times relevant to the allegations in Plaintiff's Complaint, Defendant Officers J.D. Carter[2], Star No. 5732 and M. Colon Jr., Star No. 5941, were employed by the City as Chicago Police Officers and were acting under the color of law and within the scope of their employment.

    8.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendant City admits that it is a municipal corporation incorporated under the laws of the State of Illinois. Defendant City admits that at all times relevant to this Complaint, the City employed the Defendant Officers Carter and Colon, Jr. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

    9.    On or about the afternoon of March 28, 2006 at 4220 West 47th St., Chicago, IL 60632 the Plaintiff, Allen Long was arrested by one or more of the Defendant Officers.

**ANSWER:** Upon information and belief, based upon Chicago Police Department records, Defendant City admits the allegations in this paragraph.

    10.    At this time, Plaintiff Long was acting fully in conformity with all laws, statutes and ordinances of the United States, the State of Illinois and the City of Chicago.

---

[2]On May 28, 2008, the parties filed a stipulation to dismiss Defendant Carter from this lawsuit, with prejudice.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Without a warrant and without reasonable belief that Plaintiff Long was guilty of a crime, one or more Defendant Police Officers wrongfully and unreasonably detained, searched and seized Plaintiff Long.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Following this unconstitutional search and seizure Plaintiff Long was arrested and taken to the 8th District Chicago Police Station where he was falsely charged with possession of controlled substance with intent to deliver.

**ANSWER:** Upon information and belief, based on Chicago Police Department records, Defendant City admits that, on March 28, 2008, Plaintiff was transported to the 8th District Chicago Police Station and charged with possession of more than 500 grams of cannabis, in violation of 720 ILCS 550.0/4-G. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13. Plaintiff Long was remanded to the custody of the Cook County Department of Corrections and a bond of over 4 million dollars was set in order for the Plaintiff to be released from custody.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. On April 14, 2006, Defendant Gutierrez knowingly and willfully presented false testimony to the Special Grand Jury of Cook County in order to secure an indictment against Plaintiff Long.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. All of Defendant Officers prepared and authorized police reports that knowingly

contained false and/or incorrect information.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. The Special Grand Jury of Cook County returned a true bill of indictment against Plaintiff Long on April 14, 2006.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. On June 4, 2007, Cook County Judge Wadas found Plaintiff Long not guilty of all charges.

**ANSWER:** Upon information and belief, based upon records from the Clerk of the Circuit Court of Cook County from criminal case number 06CR0925301, Defendant City admits that Judge Wadas found Plaintiff not guilty of the charges against him on June 4, 2007.

18. Due to the unconstitutional and illegal actions of the Defendant Officers, Plaintiff Long was in continuous custody from the date of his arrest on March 28, 2006 until his acquittal on June 4, 2007.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Count 1 – 42 U.S.C. § 1983 False Arrest

19. On March 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Upon information and belief, based upon Chicago Police Department records, Defendant City admits that Plaintiff was arrested on March 28, 2006. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20. One or more Defendant Police Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. The misconduct described in this Count by the Chicago Police Officers was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of

        abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.

22. The acts committed by one or more Defendant Police Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Count II – 42 U.S.C. S 1983 Conspiracy

23. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 18, as if fully restated herein.

24. Defendant Illinois State Police Officers, and Defendant Chicago Police Officers, reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Each Defendant did reach this understanding and agreement and did engaged in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26. Additionally, said conspiracy and joint action violated Plaintiffs' 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including illegal seizure, detention, search, and the presentation of false testimony and preparation of false police reports of Plaintiff on March 28, 2006, April 14, 2006, March 16, 2007 and June 4, 2007, as more fully alleged in the preceding paragraphs.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in this paragraph.

28. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into

        consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights.  The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.  The City further denies that any alleged misconduct by the State of Illinois or Defendant Illinois State Police Officers was undertaken pursuant to any alleged "policy or practice" of the Chicago Police Department.

    29.    This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:**  Defendant City denies the allegations in this paragraph to the extent they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Count III—Malicious Prosecution

    30.    Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:**  Defendant City re-alleges its answers to paragraphs 1 through 18, as if fully restated herein.

    31.    Defendant Illinois State Police Officers and/or Defendant Chicago Police Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Grand Jury and Cook County Judge during

court proceedings for this matter.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of more than 5000 grams of Cannabis in violation of 720ILCS 550.0/4-G.

**ANSWER:**   Upon information and belief, based upon Chicago Police Department records and records from the Clerk of the Circuit Court of Cook County, Defendant City admits that Plaintiff was charged with and prosecuted for possession of more than 5000 grams of cannabis, in violation of 720 ILCS 550.0/4-G.  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. On June 4, 2007, Plaintiff was found not guilty of the charges placed against him.

**ANSWER:**   Upon information and belief, based upon records from the Clerk of the Circuit Court of Cook County from criminal case number 06CR0925301, Defendant City admits the allegation in this paragraph.

35. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: 14 months of continuous custody, severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**   Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count IV– Intentional Infliction of Emotional Distress

36. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

   **ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 18, as if fully restated herein.

37. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

   **ANSWER:** Defendant City admits the allegation in this paragraph.

38. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiffs innocence, and amount to extreme and outrageous conduct against Plaintiff.

   **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

   **ANSWER:** Defendant City denies the allegations in this paragraph to the extent they pertain to the City. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

40. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

   **ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count VI—State Law Claims Against Defendant City
### *Respondent Superior* and Indemnification

41. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 18, as if fully restated herein.

42. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant City states that the allegations in this paragraph are a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law, and, therefore, this allegation is denied.

43. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** Defendant City states that Plaintiff's allegation that it is "liable as principle for all torts committed by its agents, Defendant Officers" is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied. The City admits that, at all times relevant to this Complaint, Defendant Officers Carter and Colon, Jr. were employed by the City as Chicago police officers and Defendant City further admits, upon information and belief, based on Chicago Police Department records, that the Defendant Officers were, at all times relevant to the Complaint, acting under color of law and within the scope of their employment. The City denies the allegations in this paragraph with respect to Defendant Illinois State Police Officers Camacho, Gutierrez, Torrez, and Graham.

### Count VI—State Indemnification

44. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 18, as if

fully restated herein.

 45. At all relevant times Defendant Illinois State Police Officers were acting in the scope of their employment and under color of law.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

 46. Illinois law provides that the State of Illinois is directed to pay any compensatory damages on a tort judgment against an employee who is acting within the scope of his or her employment.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

 1. Defendant City is not liable to Plaintiff for any of his state law claims if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

 2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

 3. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another

person.  745 ILCS 10/2-204 (2006).

    4.    A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

    5.    Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

    6.    Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

    7.    To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

    8.    Pursuant to the Tort Immunity Act, the statute of limitations on Plaintiff's state law claims is one year "from the date the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

**DATED:  JUNE 5, 2008**               Respectfully submitted

                                                    MARA S. GEORGES,

                                                    Corporation Counsel
                                                    City of Chicago


                                      By:    */s/ **Meghan Kennedy**
                                              MEGHAN KENNEDY
                                              Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 6283230

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN LONG, | ) | |
| | ) | Case No. 08 C 1816 |
| Plaintiff, | ) | |
| | ) | Judge Holderman |
| vs. | ) | |
| | ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Jeffrey B. Granich                  Mary McCahill                    Shirley Calloway
     Katie Z. Ehrmin                      Assistant Corp. Counsel          IL Attorney General
     Law Offices of Jeffrey B. Granich    30 North LaSalle Street          100 West Randolph
     53 West Jackson Boulevard            Suite 1400                       13th Floor
     Suite 840                            Chicago, IL 60602                Chicago, IL 60601
     Chicago, IL 60604

**PLEASE TAKE NOTICE** that on this 5th day of June 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person(s) named above at the address(es) shown this 5th day of June 2008.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
for the City of Chicago


By:   /s/ *Meghan Kennedy*
      MEGHAN KENNEDY
      Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
Attorney No. 6283230