IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN LONG, | ) | |
| | ) | No. 08 C 1816 |
| Plaintiff, | ) | |
| | ) | Hon. James F. Holderman |
| v. | ) | Judge Presiding |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS STATE OF ILLINOS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW COME the defendants, State of Illinois and Illinois State Police ("ISP")[1], by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and submit the following memorandum in support of their Rule 12(b)(6) Motion to Dismiss Count VI of the Complaint:

### INTRODUCTION

Plaintiff has filed a six-count complaint against several officers from the City of Chicago and Illinois State Police regarding his arrest on March 26, 2006. He purports to allege claims against defendants pursuant to 42 U.S.C. § 1983 for False Arrest (Count I), Conspiracy (Count II), Malicious Prosecution (Count III), and Intentional Infliction of Emotional Distress (Count IV). Count V is a claim against the City of Chicago under a respondeat superior theory, while Count VI purports to assert a claim against the State of Illinois for indemnification.

### STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency

---

[1]The Illinois State Police was not named a defendant in this action. Counsel inadvertently entered an appearance for the ISP with the intent to appear for the State of Illinois, which is named a defendant in this action. The argument to dismiss the ISP is the same as that for the State of Illinois.

of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir.2001); see also *Cler v. Illinois Educ. Association*, 423 F.3d 726, 729 (7th Cir.2005) (motion to dismiss challenges complaint's sufficiency).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (citation omitted). This requirement impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'... Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court. *Id*. (citations omitted); see also *Killingsworth v. HSBC Bank Nev., N.A.*, No. 06-1616, 2007 WL 3307084, at *3 (7th Cir. Nov.9, 2007) (the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *McCready v. EBay, Inc.*, 453 F.3d 882, 887 (7th Cir.2006); *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir.2005). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d

642, 656 (7th Cir.2006); *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir.2005); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir.2002). If the complaint fails to allege an element necessary to obtain relief, dismissal is appropriate. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989).

On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). For purposes of this motion to dismiss only, plaintiff's well-pleaded allegations are taken as true and are cited to accordingly.

## ARGUMENT

**PLAINTIFF MAY NOT BRING A CLAIM FOR INDEMNIFICATION AGAINST THE STATE OF ILLINOIS OR ITS AGENCIES**

The Eleventh Amendment well establishes that states are immune from suit for damages. State agencies are treated the same as states. *See Alabama v. Pugh,* 438 U.S. at 781, 781-82 (1978); *Kroll v. Bd. of Trustees of the University of Illinois,* 934 F.2d 904, 907 (7th Cir. 1991) *(citing Gleason v. Board of Educ.,* 792 F.2d 76, 79 (7th Cir.1986)). Indeed, a state agency *is* the state for purposes of the eleventh amendment. *Id*; *Davidson v. Board of Governors.,* 920 F.2d 441, 442 (7th Cir.1990)). In addition, this Court should dismiss Count VI because it does not apply to state agencies. The Legislature in the Local Governmental and Governmental Tort Immunity Act, on which the plaintiffs rely, defines "local public entity" so as to specifically exclude the State and its agencies. The Tort Immunity Act applies to only "local public entities and public employees" (745 ILCS 10/1-101.1 (West 2006)) and not "the State or any office, officer, department, division, bureau, board, commission, university or similar agency of the State" (745 ILCS 10/1-206 (West 2006)).

WHEREFORE, based on the foregoing, Defendants request that this Honorable Court grant their motion and dismiss Counts VI, of the complaint, thereby dismissing Defendant State of Illinois as a party to this action, with prejudice.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

 *s/Shirley R. Calloway*
SHIRLEY R. CALLOWAY
Assistant Attorney General
Office of the Attorney General
100 W. Randolph Str., 13th Floor
Chicago, Illinois 60601
(312) 814-5581