UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN LONG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1816 |
| | ) | |
| vs. | ) | Judge Holderman |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICERS J.D. | ) | Magistrate Judge Ashman |
| CARTER, Star No. 5732, M. COLON, JR.., | ) | |
| Star No. 8941, ILLINOIS STATE POLICE | ) | Jury Demand |
| OFFICERS CAMACHO, No. 3341, | ) | |
| GUTIERREZ, No. 4656, TORRES, No. | ) | |
| 9670, and GRAHAM, No.. 4494, and THE | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER COLON'S ANSWER  TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant, Officer Colon, by his attorney, Mary McCahill, in answer to Plaintiff's Complaint and states:

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

   **ANSWER:**   Defendant Officer admits the allegations contained in this paragraph, but denies engaging in any conduct which would give rise to a cause of action under the laws alleged.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

   **ANSWER:**   Defendant Officer admits this Court has jurisdiction, but denies any wrongful or illegal conduct.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant Officer admits that venue is proper but denies any wrongful or illegal conduct.

## PARTIES

4. At all times relevant hereto, Plaintiff Allen Long was an 57 year-old, male resident of Batesville Virginia.

**ANSWER:** Defendant Officer, upon information and belief, admits the allegations contained in this paragraph.

5. At all times relevant hereto, Defendant Illinois State Police Officers were Police Officers for the State of Illinois and were acting under the color of the law and within the scope of their employment.

**ANSWER:** Defendant Officer admits, upon information and belief, the allegations contained in this paragraph.

6. The State of Illinois is a body politic.

**ANSWER:** Defendant Officer admits, upon information and belief, the allegations contained in this paragraph.

7. At all times relevant hereto, Defendant Chicago Police Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:** Defendant Officer admits the allegations contained in this paragraph.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

> **ANSWER:** Defendant Officer admits the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

9. On or about the afternoon of March 28, 2006 at 4220 West 47th St., Chicago, IL 60632 the Plaintiff, Allen Long was arrested by one or more of the Defendant Officers.

   **ANSWER:** Defendant Officer admits the allegations contained in this paragraph.

10. At this time, Plaintiff Long was acting fully in conformity with all laws, statutes and ordinances of the United States, the State of Illinois and the City of Chicago.

    **ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

11. Without a warrant and without reasonable belief that Plaintiff Long was guilty of a crime, one or more Defendant Police Officers wrongfully and unreasonably detained, searched and seized Plaintiff Long.

    **ANSWER:** Defendant Officer admits he did not have an arrest warrant, but denies the remaining allegations contained in this paragraph.

12. Following this unconstitutional search and seizure Plaintiff Long was arrested and taken to the 8th District Chicago Police Station where he was falsely charged with possession of controlled substance with intent to deliver.

    **ANSWER:** Defendant Officer admits that Plaintiff was arrested and charged with possession of controlled substance and intent to deliver, but denies the remaining allegations contained in this paragraph.

13. Plaintiff Long was remanded to the custody of the Cook County Department of Corrections and a bond of over 4 million dollars was set in order for the Plaintiff

to be released from custody.

**ANSWER:**   Defendant Officer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

14.   On April 14, 2006, Defendant Gutierrez knowingly and willfully presented false testimony to the Special Grand Jury of Cook County in order to secure an indictment against Plaintiff Long.

**ANSWER:**   Defendant Officer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

15.   All of Defendant Officers prepared and authorized police reports that knowingly contained false and/or incorrect information.

**ANSWER:**   Defendant Officer denies the allegations as they pertain to him. Defendant Officer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to other Defendant Officers.

16.   The Special Grand Jury of Cook County returned a true bill of indictment against Plaintiff Long on April 14, 3006.

**ANSWER:**   Defendant Officer admits that the Special Grand Jury of Cook County returned a true bill of indictment against Plaintiff Long on April 13, 2006.

17.   On June 4, 2006, Cook County Judge Wadas found Plaintiff Long not guilty of all charges.

**ANSWER:**   Defendant Officer denies the allegations contained in this paragraph, but

admits, upon information and belief, that Plaintiff was found not guilty of the criminal charges by Judge Wadas on June 4, 2007.

18. Due to the unconstitutional and illegal actions of the Defendant Officers, Plaintiff Long was in continuous custody from the date of his arrest on March 28, 2006 until his acquittal on June 4, 2006.

**ANSWER:** Defendant Officer admits that Plaintiff was in custody but lacks knowledge or information as to the specific dates. Defendant Officer denies the remaining allegations contained in this paragraph.

### Count 1 – 42 U.S.C. § 1983 False Arrest

19. On March 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

20. One or more Defendant Police Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendant Officer admits he was acting in his official capacity as a law enforcement officer, under color of state law, and within the scope of his employment at all times relevant to the complaint, but denies the remaining allegations contained in this paragraph.

21. The misconduct described in this County by the Chicago Police Officers was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations

          when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant Officer makes no answer to the allegations contained in this paragraph as it is directed to the City of Chicago.

22.    The acts committed by one or more Defendant Police Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

### Count II – 42 U.S.C. S 1983 Conspiracy

23.    Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant Officer restates his answers to Paragraphs 1 through 18 as if fully set forth herein.

24.    Defendant Illinois State Police Officers, and Defendant Chicago Police Officers, reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

**ANSWER:**   Defendant Officer denies the allegations contained in this paragraph as it pertains to him.

25. Each Defendant did reach this understanding and agreement and did engaged in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

**ANSWER:**   Defendant Officer denies the allegations in this paragraph as it pertains to him.

26. Additionally, said conspiracy and joint action violated Plaintiffs' 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:**   Defendant Officer denies the allegations contained in this paragraph.

27. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including illegal seizure, detention, search, and the presentation of false testimony and preparation of false police reports of Plaintiff on March 28, 2006, April 14, 2006, March 16, 2007 and June 4, 2007, as more fully alleged in the preceding paragraphs.

**ANSWER:**   Defendant Officer denies the allegations in this paragraph, and denies any allegations of wrongdoing in the preceding paragraphs.

28. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

  b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

  c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

  d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

  e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

  h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**  Defendant Officer makes no answer to the allegations in this paragraph

because it is directed to the City of Chicago.

29. This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:** Defendant Officer denies the allegations in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

### Count III—Malicious Prosecution

30. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant Officer restates his answers to paragraphs 1 through 18 as if fully set forth herein.

31. Defendant Illinois State Police Officers and/or Defendant Chicago Police Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Grand Jury and Cook County Judge during court proceedings for this matter. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of more than 5000 grams of Cannabis in violation of 720ILCS 550.0/4-G.

**ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

32. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

33. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

34. On June 4, 2007, Plaintiff was found not guilty of the charges placed against him.

**ANSWER:** Defendant admits, upon information and belief, the allegations contained in this paragraph.

35. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: 14 months of continuous custody, severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officer denies the allegations contained in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## Count IV– Intentional Infliction of Emotional Distress

36. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

Defendant Officer makes no answer to Count IV because he filed a motion to dismiss with respect to that claim.

## Count VI—State Law Claims Against Defendant City
### *Respondent Superior* and Indemnification

41. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant Officer restates his answers to paragraphs 1 through 18 as if

fully set forth herein.

42. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant Officer admits, upon information and belief, the allegations contained in this paragraph.

43. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** Defendant Officer admits, upon information and belief, the allegations contained in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

### Count VI—State Indemnification

44. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

**ANSWER:** Defendant Officer restates his answers to paragraphs 1 through 18 as if fully set forth herein.

45. At all relevant times Defendant Illinois State Police Officers were acting in the scope of their employment and under color of law.

**ANSWER:** Defendant Officer admits, upon information and belief, the allegations

contained in this paragraph.

    46.    Illinois law provides that the State of Illinois is directed to pay any compensatory damages on a tort judgment against an employee who is acting within the scope of his or her employment.

**ANSWER:**    Defendant officer lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

    1.    Defendant Officer is entitled to qualified immunity. At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted them could have believed their actions to be lawful, in light of clearly established law and the information Defendant Officer possessed. Defendant Officer is therefore entitled to qualified immunity on Plaintiff's federal law claims.

    2.    Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or willful and wanton conduct which proximately caused the claimed injuries and damages.

    3..    Defendant Officer is not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

    4..    Defendant Officer is not liable for injuries claimed in the state law count because,

as a public employee, they are not liable for injuries caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.　　To the extent Plaintiff has alleged any state law claims, Plaintiff cannot establish willful or wanton conduct on the part of Defendant Officers and therefore they are immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

6.　　To the extent Plaintiff has failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.　　To the extent Plaintiff is alleging a claim pursuant to the Fourteenth Amendment, it should be dismissed. The only relevant claim that Plaintiff could bring under the Fourteenth Amendment against Defendant Officer, given the allegations set forth in the complaint, would be a violation of Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." Id. At 87. Even if Plaintiff had properly alleged a Brady violation, defendant-officers still could not be held liable. In Gauger v. Hendle, 349 F.3d 354, 360 (7th Cir. 2003), the Seventh Circuit held that police officers could only be liable under the Fourteenth Amendment if they deliberately withheld evidence, not if they created false evidence. Id. Plaintiff has never claimed that Defendant Officer willfully concealed any exculpatory

evidence, only that he created false evidence. Therefore, Plaintiff's claim for a violation of due process for his denial of a fair trial should be dismissed.

## JURY DEMAND

The Defendant, Officer Colon, requests trial by jury.

**DATED:  JULY 3, 2008**                    Respectfully submitted

                                                  MARY MCCAHILL,

                                                  Assistant Corporation Counsel
                                                  City of Chicago

                              By:       /s/ Mary McCahill
                                           MARY MCCAHILL
                                           Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
Attorney No. 6277989

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN LONG, ) | |
| ) | Case No. 08 C 1816 |
| Plaintiff, ) | |
| ) | Judge Holderman |
| vs. ) | |
| ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, et al., ) | |
| ) | Jury Demand |
| Defendants. ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Jeffrey B. Granich
Katie Z. Ehrmin
Law Offices of Jeffrey B. Granich
53 West Jackson Boulevard, Suite 840
Chicago, Illinois  60604

**PLEASE TAKE NOTICE** that on this 3rd day of July 2008 I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT OFFICER COLON'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 3rd day of July 2008.

Respectfully submitted,

MARY MCCAHILL
Assistant Corporation Counsel
for the City of Chicago


By:  /s/ Mary McCahill
MARY MCCAHILL
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
Attorney No. 6277989