UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN LONG; ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 1816 |
| vs. ) | |
| ) | |
| CITY OF CHICAGO, ILLINOIS, ) | |
| CHICAGO POLICE OFFICER ) | Judge Holderman |
| M. COLON, JR., Star No. 8941 and ) | Magistrate Judge Ashman |
| ILLINOIS STATE POLICE OFFICERS ) | |
| CAMACHO, No. 3341, GUTIERREZ, ) | Jury Demand |
| No. 4656, TORRES, No. 9670, and ) | |
| GRAHAM , No. 4494, and ) | |
| THE STATE OF ILLINOIS, ) | |
| Defendants. ) | |

**DEFENDANT OFFICER COLON'S MOTION TO DISMISS
COUNT IV OF PLAINTIFF'S COMPLAINT**

Defendant Officer Colon, by one of his attorneys, Mary McCahill, Assistant Corporation Counsel of the City of Chicago, respectfully requests this Honorable Court to dismiss plaintiff's state law claim for "Intentional Infliction of Emotional Distress" (Count IV), pursuant to Federal Rule of Civil Procedure 12(b)(6), as the action is time barred.

(1)   This action arises out of an alleged incident that occurred on March 28, 2006, involving Plaintiff and Defendant officers. (See, Complaint, attached as Exhibit A).

(2)   On March 28, 2008, Plaintiff filed his Complaint, naming Defendant Officer Colon for the first time. See Exhibit A.

(3)   Count IV of Plaintiff's complaint alleges a state law claim of intentional infliction of emotional distress. State law claims for intentional infliction of emotional distress are governed by Illinois' one-year statue of limitations for personal injury claims. 745 Ill. Comp.

Stat. 10/8-101 (2003). The act states that "no civil action...(other than an action arising out of patient care) may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id.*

(4)     Under Illinois law, a claim for intentional infliction of emotional distress is a "continuing tort" that "accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated." *Feltmeier v. Feltmeier,* 789 N.E.2d 75, 89 (Ill.2003). "A continuing violation or tort is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Id.*

(5)     Plaintiff's allegations concerning his claim for intentional infliction of emotional distress relate only to the actions that occurred on March 28, 2006. Because Plaintiff cannot claim any continuing injury stemming from those overt act, "the statute begins to turn on the date that the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury. *Id.* at 279.

(6)     The same acts that underlie Plaintiff's state law claim of intentional infliction of emotional distress also form the basis for his false arrest claim. The statute of limitations for false arrest or false imprisonment began to run when the alleged false imprisonment ended; at the termination of detention without legal process, for example when an arrestee is bound over by the magistrate or arraigned on charges. *See Wallace v. Kato,* 127 S.Ct. 1091, 1095 (2007). Because any alleged false imprisonment of the plaintiff accrues once detention without legal process terminates, any claim for intentional infliction of emotional distress based on the same underlying allegations will also accrue at that time.

(7)	Plaintiff's arraignment occurred on May 5, 2006, therefore Plaintiff had until May 5, 2007 to file his intentional infliction of emotional distress claim.  Accordingly, Plaintiff's claim for intentional infliction of emotional distress (Count IV) is time-barred as Plaintiff filed his complaint against Defendant Officer Colon after the statute of limitations had lapsed.

**WHEREFORE**, Defendant Officer Colon requests this court to enter an order dismissing Plaintiff's claim for intentional infliction of emotional distress (Count IV) with prejudice.

Respectfully submitted,

/s/ Mary McCahill
MARY MCCAHILL
Assistant Corporation Counsel

30 NORTH LA SALLE ST.
SUITE 1400
CHICAGO, ILLINOIS 60602            July 3, 2008
(312) 742-6404
ATTORNEY NO. 06277989