# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| ALLEN LONG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1816 |
| | ) | |
| vs. | ) | |
| | ) | JUDGE HOLDERMAN |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICER | ) | |
| M. COLON, JR., Star No. 8941, and | ) | |
| ILLINOIS STATE POLICE OFFICERS | ) | |
| CAMACHO, No. 3341, GUTIERREZ, | ) | |
| No. 4656, TORRES, No. 9670, and | ) | |
| GRAHAM, No. 4494, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPONSE TO DEFENDANT OFFICER COLON'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COUNT IV OF PLAINTIFF'S COMPLAINT**

Plaintiff Allen Long, by and through his attorney Jeffrey B. Granich, respectfully submits Plaintiff's response to Defendant Officer Colon's Motion to Dismiss Count IV of Plaintiff's complaint or in the alternative Plaintiff's Motion for Leave to Amend Count IV of Plaintiff's Complaint:

1. As stated in Defendant Officer Colon's Motion to Dismiss, Plaintiff Allen Long filed this complaint on March 28, 2008, based, in part, on an arrest which occurred on March 28, 2006.

2. Based on this arrest, Plaintiff brought this action alleging False Arrest under 42 U.S.C. § 1983, Conspiracy under 42 U.S.C. § 1983, and under Illinois law, based on this Court's supplemental jurisdiction under title 28, United States Code § 1983, claims for Malicious Prosecution and Intentional Infliction of Emotional Distress (as well as claims for Indemnification, which are not the subject of Defendant's Motion to Dismiss, and will not be discussed here).

3. Plaintiff agrees with Defendant Colon's assertion that "[s]tate law claims for intentional infliction of emotional distress are governed by Illinois' one-year statute of limitations for personal injury claims." *Defendant Officer Colon's Motion to Dismiss Count IV of Plaintiff's Complaint, ¶ 3.* Plaintiff additionally agrees with Defendant Colon's assertion that "a claim for intentional infliction of emotional distress is a 'continuing tort' that 'accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated." *Id.* at ¶ 4.

4. Defendant's argument, however, that Plaintiff's allegations concerning the claim for intentional infliction of emotional distress relate only to the actions that occurred on March 28, 2006, however, are factually incorrect, and not based on the pleadings and allegations contained in Plaintiff's complaint filed on March 28, 2008.

5. Plaintiff remained in custody for the arrest which occurred on March 28, 2006 until June 4, 2007, when he was found not guilty by a Cook County Judge at a bench trial.

6. Based on the facts alleged in his complaint, Plaintiff asserted a claim for Malicious Prosecution against one or more Defendants to this matter.

7. As Plaintiff's claim for Intentional Infliction of Emotional Distress relates, inter alia, to his claim for Malicious Prosecution, and as Federal Courts have consistently held, a Plaintiff's cause of action for both claims does not accrue until the underlying criminal proceedings are terminated against Plaintiff in his favor. ("As [Plaintiff's Intentional Infliction of Emotional Distress] claim incorporates the conduct underlying his malicious prosecution claim, the cause of action did not accrue until the state criminal proceedings against him were terminated."). *Bergstrom v. McSweeney,* 294 F.Supp.2d. 961, 969 (2003). See also, *Plevritis v. City of Chicago,* Slip Copy, 2007 WL 2714119, (No. 06 C 3401); *Pierce v. Pawelski,* Slip Copy, 2007 WL 1847778, (No. 98 C 3337).

8. Therefore, as Plaintiff was found not guilty on June 4, 2007, Plaintiff's claim for Malicious Prosecution is well within the Statute of Limitations. And, as Plaintiff's claim for Intentional Infliction of Emotional Distress relates, in part, to the tortious conduct which forms the claim for Malicious Prosecution, the claim for Intentional Infliction of Emotional Distress had not abated until the termination of the criminal proceedings.

9. In the alternative, Plaintiff requests leave to amend his Complaint to clarify the underlying basis of the claim for Intentional Infliction of Emotional Distress.

**WHEREFORE,** Plaintiff Allen Long respectfully requests this Court to deny Defendant Officer Colon's Motion to Dismiss Count IV of Plaintiff's Complaint or in the alternative Plaintiff seeks leave to amend Count IV of Plaintiff's Complaint.

Respectfully Submitted,

/s/  Jeffrey B. Granich

Jeffrey B. Granich
Law Offices of Jeffrey B. Granich
53 W. Jackson, Ste. 840
Chicago, Illinois 60604
(312) 939-9009