UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN LONG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1816 |
| | ) | |
| vs. | ) | Judge Holderman |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | |
| CHICAGO POLICE OFFICERS J.D. | ) | Magistrate Judge Ashman |
| CARTER, Star No. 5732, M. COLON, JR., | ) | |
| Star No. 8941, ILLINOIS STATE POLICE | ) | Jury Demand |
| OFFICERS CAMACHO, No. 3341, | ) | |
| GUTIERREZ, No. 4656, TORRES, No. | ) | |
| 9670, and GRAHAM, No.. 4494, and THE | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COLON'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant, Officer Colon, by his attorney, Mary McCahill, Assistant Corporation Counsel for the City of Chicago, in reply to Plaintiff's Response to Defendant's Motion to Dismiss, states as follows:

In response to Defendant's motion to dismiss his state law claim for intentional infliction of emotional distress ("Response"), Plaintiff argues that the statute of limitations for an intentional infliction of emotional distress ("IIED") claim that "relates, in part, to the tortious conduct which forms the claim for Malicious Prosecution...has not abated until the termination of the criminal proceedings." (See Plaintiff's Response to Defendant's Motion to Dismiss at 3). Plaintiff's Response ignores the fact that his IIED claim bears no relation to his malicious prosecution claim. Additionally, Plaintiff's argument reflects an inaccurate statement of the law in the Seventh Circuit.

Considering the Seventh Circuit's decision in Evans v. City of Chicago, 434 F.3d 916 (7th

Cir. 2006), which Plaintiff makes no effort to distinguish, Plaintiff's argument fails. The Plaintiff in Evans brought state claims for both malicious prosecution and IIED. Evans, 434 F.3d at 923. The Court analyzed the doctrine of continuing violation, which would, if applicable, hold the statute of limitations in abeyance "until the date of the last injury suffered or when the tortious acts cease." Id., at 934. (citing Feltmeier v. Feltmeier, 207 Ill.2d 263, 279 (Ill.2003). Noting that, "the default rule, under Illinois law, is that a cause of action for personal injuries accrues when the Plaintiff suffers injury," the Court expressly rejected Plaintiff's argument that the statute of limitations for his intentional infliction of emotional distress claim did not accrue until his underlying criminal case was dismissed. Evans, at 934. The Seventh Circuit held that the statute of limitations for an IIED claim begins to run at the time of the Plaintiff's arrest:

> "[I]t is undisputed that the last, confirmed interaction between Evans and the police officers named in the complaint took place sometime in December of 1997. Thus, the last injury Evans suffered, and indeed the last, confirmed interaction between Evans and the police officers named in the complaint took place sometime in December of 1997. Thus, the last injury Evans suffered, and indeed the last possible date of a tortious act against Evans, was in December of 1997, well beyond...the one year statute of limitations for tort claims against governmental entities or employees."

Evans, 434 F.3d at 934-935. Although the Defendant officers in Evans later appeared in court regarding the underlying criminal matter, the Seventh Circuit held those appearances were insufficient to view the defendant's conduct as a continuous whole so as to extend the statute of limitations. Evans, at 935.

Plaintiff's IIED claim clearly states no other interaction between Plaintiff and Defendant Colon aside from the arrest. (See Complaint, at 7-8). Similar to Evans, this is the last confirmed interaction between Plaintiff and Officer Colon, notwithstanding any court

appearances that Defendant Colon may have had in relation to this case, which would be insufficient to invoke the doctrine of continuing violation. Id. Accordingly, under the guidance of Evans, Plaintiff's argument that an IIED claim pled with a malicious prosecution claim automatically holds in abeyance the one-year statute of limitations is erroneous.

Instead of distinguishing Evans, Plaintiff relies on three district court cases to support his argument, Pierce v. Pawelski, 2000 WL 1847778 (N.D.Ill. 2000), Bergstorm v. McSweeney, 294 F.Supp.2d 961 (N.D. Ill. 2003) and Plevritis v. City of Chicago, 2007 WL 2714119 (N.D.Ill. 2007). None of the these cases support Plaintiff's position. Plaintiff's citation to Bergstrom and Pierce is improper as both were decided prior to Evans and are distinguishable from the case at bar. In both cases, the Plaintiff pled the same conduct in the malicious prosecution and IIED claims. Bergstrom, 294 F.Supp 2d at 969, and Pierce, 2000 WL 1847778, at *3. The IIED claims in Bergstrom and Pierce were found timely because they were rooted in the same conduct as contained in the malicious prosecution claim.

Furthermore, a close reading of Plevritis shows the case to be more favorable to the Defendant than Plaintiff. Plaintiff has ignored the fact that the court in Plevritis held Plaintiff's IIED claim was time barred. Plevritis, at *6. Plaintiff also oversimplifies the dicta of Plevritis, cherry picking seemingly favorable language without analyzing the reasoning behind the court's decision.

The Plevritis court found that "Plaintiff's argument is an unpersuasive attempt to expand the proper temporal scope of his IIED claim in the absence of a malicious prosecution claim." Id. The court reached this holding in part because the Plaintiff had failed to allege a malicious prosecution claim alongside his IIED claim. Id. However, the failure to plead

both claims was not dispositive, rather, Plaintiff's failure to plead "allegations of tortious conduct over a broad span of time" rendered the claim time barred. Id. The Plaintiff attempted to satisfy that requirement by arguing that the defendant officers gave "false testimony at the hearing on the motion to suppress to try to cover up the break-in to Plaintiff's home and the illegal search." Id. The Plevritis court found Plaintiff's argument to be a "slender reed on which to rely," and not sufficient to warrant an extension of the statute of limitations. Id.

Similar to Plevritis, in the present case, Plaintiff's IIED claim (Count IV) mentions specifically the alleged illegal arrest and unlawful seizure, but fails to include any of the same conduct alleged in the malicious prosecution claim (Count III). (See Plaintiff's Complaint, at 7-8). Thus, though Plaintiff cites Plevritis in support of his argument, Plaintiff neglects to mention what Plevritis specifically noted, namely that a plaintiff must plead the same conduct in both his malicious prosecution and IIED claims to extend the statute of limitations. Plevritis, at *6.

In Plaintiff's Response, Plaintiff requested leave to amend his complaint to "clarify the underlying basis of the claim for Intentional Infliction of Emotional Distress." (See Response, at 3). Presumably, Plaintiff wishes to add the requisite factual allegations in efforts to extend the statute of limitations. Plaintiff lacks a good faith basis to make such an amendment, as the record is clear that Defendant Colon had no contact with Plaintiff apart from his arrest and search. Furthermore, any such new pleading would be time-barred as it would not relate back to the original complaint. State law claims for intentional infliction of emotional distress are governed by Illinois' one year statue of limitations for personal injury

claims. 745 Ill. Comp. Stat. 10/8-101 (2003). The act states that "no civil action...(other than an action arising out of patient care) may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." *Id.* Accordingly, because Plaintiff did not file his complaint until March 28, 2008, over one year after Plaintiff's arrest on March 28, 2006 his claim for intentional infliction of emotional distress is time-barred and should be dismissed.

      WHEREFORE**,** Defendant Officer Colon requests this court to enter an order dismissing Plaintiff's claim for intentional infliction of emotional distress (Count IV) with prejudice.

                                        Respectfully submitted

                                        MARY MCCAHILL,
                                        Assistant Corporation Counsel
                                        City of Chicago

                              By:    **/s/ Mary McCahill**
                                        MARY MCCAHILL
                                        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
Attorney No. 06277989

                                        Dated: August 5, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN LONG, | ) |
| | ) Case No. 08 C 1816 |
| Plaintiff, | ) |
| | ) Judge Holderman |
| vs. | ) |
| | ) Magistrate Judge Ashman |
| CITY OF CHICAGO, et al., | ) |
| | ) Jury Demand |
| Defendants. | ) |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:  Jeffrey B. Granich
   Katie Z. Ehrmin
   Law Offices of Jeffrey B. Granich
   53 West Jackson Boulevard, Suite 840
   Chicago, Illinois  60604

**PLEASE TAKE NOTICE** that on this 5th day of August 2008 I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT COLON'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 5th day of August 2008.

                    Respectfully submitted,

                    MARY MCCAHILL
                    Assistant Corporation Counsel
                    for the City of Chicago


               By:  /s/ Mary McCahill
                    MARY MCCAHILL
                    Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois  60602
Attorney No. 06277989